IN THE SUPREME COURT OF THE STATE OF DELAWARE

JESSE J. BRYANT, JR.,　　　　　　§
　　　　　　　　　　　　　　　　§　　No. 191, 2014
　　　Defendant Below,　　　　　　§
　　　Appellant,　　　　　　　　　§　　Court Below—Superior Court
　　　　　　　　　　　　　　　　§　　the State of Delaware in and for
　　　v.　　　　　　　　　　　　§　　New Castle County
　　　　　　　　　　　　　　　　§
STATE OF DELAWARE,　　　　　　　§　　Cr. ID No. 92004686DI
　　　　　　　　　　　　　　　　§
　　　Plaintiff Below,　　　　　　 §
　　　Appellee.　　　　　　　　　 §

Submitted:　October 8, 2014
Decided:　　December 17, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 17th day of December 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm filed under Supreme Court Rule 25(a), and the Superior Court record, it appears to the Court that:

(1)　The appellant, Jesse J. Bryant, Jr. filed this appeal from the Superior Court's March 28, 2014 denial of his motion for correction of sentence under Superior Court Criminal Rule 35 (hereinafter "Rule 35"). The appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Bryant's opening brief that the appeal is without merit. We agree and affirm.

(2) In 1979, a Superior Court jury found Bryant guilty of Murder in the First Degree, Attempted Murder, two counts of Conspiracy in the First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, Burglary in the First Degree, and Conspiracy in the Second Degree. Bryant was sentenced to two consecutive terms of life imprisonment, plus thirty years. On direct appeal, we affirmed the Superior Court judgment.

(3) In 1992, based on our 1976 decision in *State v. Spence*, the Superior Court corrected the life sentence imposed for murder in the first degree in Bryant's case to provide that the sentence was not subject to parole.[1] On appeal, we affirmed the correction of Bryant's sentence, holding that "[u]nder the governing law . . . the Superior Court judge had no discretion in sentencing whatsoever—he had to sentence Bryant to life imprisonment without the possibility of parole."[2] Furthermore, in 2007, when affirming the Superior Court denial of Bryant's motion for postconviction relief, we again held that "the Superior Court did not enhance Bryant's sentence [by providing that the sentence was not subject to parole]

---

[1] In *State v. Spence*, 367 A.2d 983 (Del. 1976), we held that the appropriate punishment for first degree murder was life imprisonment without possibility of parole.

[2] *Bryant v. State*, 1993 WL 22040, at *1 (Del. Jan. 8, 1993).

but merely corrected the sentencing order to conform to the dictates of Delaware law."[3]

(4)   In November 2013, Bryant filed a motion for correction of sentence under Rule 35, claiming that the 1992 corrected sentence was illegal because the law in effect at the time he committed the offenses did not expressly prohibit a life sentence without benefit of parole.   Bryant argued that our decision in *State v. Spence* did not apply to his case because he was not one of the nine defendants named in that certification proceeding. By order dated March 28, 2014, the Superior Court denied Bryant's motion for correction of sentence.  This appeal followed.

(5)   Bryant has provided no support for his claim that our decision in *State v. Spence* was limited to the nine defendants named in that proceeding.   To the contrary, in our October 1976 Opinion in *State v. Spence*, we specifically noted that, in addition to the nine named defendants:

> [T]here are three first degree murder cases now pending in the Superior Court in which the imposition of the death sentence under § 4209 is being withheld pending this decision; and there are at least 13 charges of murder in the first degree presently awaiting indictment or trial in the Superior Court.[4]

---

[3] *Bryant v. State*, 2007 WL 2049781, at *2 (Del. July 18, 2007).

[4] *State v. Spence*, 367 A.2d 983, 985 n.2 (Del. 1976).

3

Bryant was indicted in July 1976.[5]  In view of our prior decisions and Bryant's failure to provide any change in law or circumstance requiring that we revisit the issues he raises on appeal, we conclude that the Superior Court did not err in denying Bryant's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[5] *See* docket at 1, *State v. Bryant*, Del. Super., Cr. ID No. 92004686DI (July 14, 1976).